UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CRIMINAL ACTION NO. L-05-2392-2 |
| | § | |
| LUIS MARTINEZ-IBARRA, | § | |
| | § | |
| Defendant. | § | |

## ORDER DENYING MOTION TO DISMISS

Pending before the Court is Defendant's Motion to Dismiss the Indictment (Dkt. No. 28). Defendant seeks dismissal on the basis that certain of the material witnesses have been deported and cites *United States v. Valenzuela-Bernal*, 458 U.S. 858 (1982) in support of his motion to dismiss.

*Valenzuela-Bernal* requires, among other things, that Defendant offer some plausible explanation of the assistance he would have received from the testimony of the deported witnesses in order to establish a Sixth Amendment violation. *Id.* at 871. Defendant has wholly failed to do so. Additionally, and as noted by the Court in *Valenzuela-Bernal,* "it should be remembered that [Defendant] was present throughout the commission of this [alleged] crime. No one knows better than he what the deported witnesses actually said to him, or in his presence, that might bear upon whether he knew that [Valentin Salas-Guerrero and Alvaro Jesus Contreras-Garcia were] illegal alien[s] . . . . And, in light of the actual charge made in the indictment, it [is] only the status of [these two aliens] which is relevant to the defense. [These two aliens,] of course, remained fully available for examination by the defendant and his attorney." *Id*.

For the foregoing reasons, Defendant's motion to dismiss is DENIED.

SIGNED this 17th day of November, 2005.

*M. Alvarez*
Micaela Alvarez
United States District Judge